

FILED _____ LODGED _____
RECEIVED _____ COPY _____

OCT 27 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

GARY M. RESTAINO
United States Attorney
District of Arizona
SERRA M. TSETHLIKAI
Assistant U.S. Attorney
State Bar No. CA 171177
United States Courthouse
405 W. Congress Street. Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: serra.tsethlikai@usdoj.gov
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America. | CR21-2019-TUC-SHR(JR) |
| Plaintiff, | Plea Agreement |
| vs. | |
| Peter Alvarez Lopez. | |
| Defendant. | |

The United States of America and the defendant, Peter Alvarez Lopez, agree to the following disposition of this matter:

### PLEA

a. The defendant agrees to plead guilty to Count 2 of the Indictment, charging the defendant with a violation of Title 18, United States Code, 922(a)(6) and 924(a)(2), False Statement in Connection with Purchase of Firearms, a felony offense. Pursuant to Fed. R. Crim. P. 11(c)(1)(A). the United States shall dismiss all remaining counts, if any, at the time of sentencing. The defendant also agrees not to contest the Forfeiture Allegation in the Indictment as it relates to Counts 1 and 2 of the Indictment.

### ELEMENTS OF THE CRIME

The essential elements of False Statement in Connection with Purchase of Firearm are that:

(A)     The defendant knowingly made a false oral or written statement, or furnished or exhibited any false, fictitious or misrepresented identification, to a federally licensed firearms dealer:

(B)     The false statement was made in connection with the acquisition or attempted acquisition of a firearm: and

(C)     The statement was intended or likely to deceive such firearms dealer with respect to a fact material to the lawfulness of the sale of the firearm to the defendant.

<u>STIPULATIONS, TERMS AND AGREEMENTS</u>

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

<u>Maximum Penalties</u>

The defendant understands and agrees that the maximum penalty for the offense to which he is pleading are a fine of $250,000, a maximum term of ten (10) years imprisonment, or both, and a maximum term of three (3) years supervised release. A maximum term of probation is five years, including a minimum term of one year if probation is imposed.

The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

Special Assessment: The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count.

<u>Immigration consequences</u>

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject

of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's automatic removal from the United States.

Agreement Regarding Sentencing:

b.      Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that the below guideline calculations are appropriate for the charge for which the defendant is pleading guilty, if the defendant is entitled to Acceptance of Responsibility:

| | |
|---|---|
| Base Offense Level (§ 2K2.1(a)(6) | 14 |
| Offense involved 3 firearms | +2 |
| Acceptance (§ 3E1.1(a)) | -2 |
| Total Adjusted Offense Level | 14 |

c.      Sentencing Range: Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that the following are the applicable guideline ranges for the offense, based on the defendant's criminal history category (CHC):

15 - 21 months imprisonment if the defendant is in CH category I;

18 - 24 months imprisonment if the defendant is in CH category II;

21 - 27 months imprisonment if the defendant is in CH category III;

27 - 33 months imprisonment if the defendant is in CH category IV;

33 - 41 months imprisonment if the defendant is in CH category V;

37 - 46 months imprisonment if the defendant is in CH category VI.

**The parties stipulate that the defendant's sentence shall not exceed the low end of the applicable guideline range as calculated under U.S.S.G. § 1B1.1(a).** The

defendant may withdraw from the plea agreement if he receives a sentence that exceeds the low end of the applicable guideline range as calculated under U.S.S.G. § 1B1.1(a).

If the defendant moves for any adjustments in Chapters Two, Three, or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines, the government may withdraw from this agreement. If the defendant argues for a variance under 18 U.S.C. 3553(a) in support of a sentence, the government may oppose the requested variance. The government, however, will not withdraw from the agreement if the defendant argues for, and the Court grants, a variance.

d.    Assets and Financial Responsibility.    The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

e.    Acceptance of Responsibility.    If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense

level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

The defendant understands and agrees that this plea agreement contains all the terms, conditions, and stipulations regarding sentencing. If the defendant requests or if the Court authorizes any reduction of sentence not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve an additional term of imprisonment or the defendant's sentence may otherwise be altered.

The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

<u>Disclosure of Information to U.S. Probation:</u>

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

c. All history of drug and alcohol abuse which would warrant a treatment condition as part of sentencing.

d. All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

## AGREEMENT AS TO FORFEITURE

a. Defendant admits that he purchased a Glock, model 42, .380 ACP caliber pistol and a Beretta, model 92FS, 9mm caliber pistol (the "Firearms"), in violation of Title 18, United States Code, Sections 922(a)(6), and 924(a)(2), which have a total value of $1,034 in U.S. currency.

b. The defendant further admits that the Firearms represent property involved in the commission of the offense, and are therefore forfeitable pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

c. The defendant admits that the Firearms have been transferred, sold to, or deposited with a third party, or placed beyond the jurisdiction of the court and are no longer available for forfeiture as described in Title 21, United States Code, Section 853(p)(1).

d. The defendant knowingly and voluntarily agrees to the entry of a substitute assets judgment and agrees to pay and forfeit the amount of $1,034 in United States currency, as a substitute asset in lieu of, and in satisfaction of, the forfeiture of the Firearms, as authorized by Title 21, United States Code, Section 853(p)(2), as incorporated by Title 28, United States Code, Section 2461(c).

e. The defendant agrees to pay in full $1,034 in United States currency, via cashier's checks in consecutive monthly installments, made payable to the United States

6

Marshals Service, Sandra O'Connor Courthouse, Suite 270, Attention: AFD, 401 W. Washington St., SPC-64, Phoenix, Arizona 85003-2159, and reference the defendant's name and case number.

f.    In the event that the defendant does not remit the cashier's checks totaling the amount of $1,034 in United States currency to the government, the defendant knowingly and voluntarily agrees, that pursuant to Tile 21, United States Code, Section 853(p), the United States will seek forfeiture of any other property of said defendant, up to the value of the Firearms ($1,034 in United States currency), including but not limited to all property, both real and personal, owned by the defendant.

g.    The defendant acknowledges that failure to pay on or satisfy the $1,034 in United States currency judgment could allow for referral of the debt to the United States Department of Treasury for the purpose of collecting debts through the Treasury Offset Program. Under this program, the Department of Treasury will reduce or withhold any eligible Federal payments by the amount of the debt. This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996 and the Internal Revenue Code.

h.    The defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the Firearms, or any assets that are related to satisfying the $1,034 in United States currency, or any other assets, or seized property that are related to satisfying the forfeiture, covered by this agreement. The defendant waives the requirements of Federal Rules of Criminal Procedure, Rule 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

i.    The defendant knowingly and voluntarily agrees to waive all interest in the Firearms or other property that may be seized, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

j.    The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

k.    The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds.

l.    The defendant knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with any seizure or forfeiture of the assets, or forfeiture of any other property that is related to satisfying the $1,034 in United States currency, covered by this agreement.

m.    The defendant knowingly and voluntarily agrees and understands that the forfeiture of the assets carried out in accordance with this plea agreement including any payment made by the defendant to satisfy the $1,034 in United States currency, shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

n.    Defendant agrees that the forfeiture provisions of this agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.    The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding on defendant's heirs, successors, and assigns until the agreed forfeiture is collected in full.

Reinstitution of Prosecution:

If the defendant's guilty plea is rejected. withdrawn, vacated. or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

Waiver of Defenses and Appeal Rights:

the defendant receives a sentence in accordance with this plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information: and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, the determination whether defendant qualifies for "safety valve" (U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing guideline determinations, including the district court's determination of the criminal history category. The sentence is in accordance with this agreement if the sentence imposed does not exceed the low end of the sentencing guidelines range as calculated under U.S.S.G. § 1B1.1(a), in this case, 37 months. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant: (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. §

9

3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

### Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in separate documents and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

10

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

Factual Basis

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial,

11

the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

On May 24, 2019, and up to and including June 6, 2019, in Tucson, in the District of Arizona, I, **Peter Alvarez Lopez**, purchased two firearms from a federally licensed firearms dealer, that is, Second Amendment Sports, Inc., and represented that I was the actual purchaser of the firearms on the ATF Form 4473 when in fact I was acquiring the firearms on behalf of another person. In purchasing the two firearms, I completed an ATF Form 4473 – Over the Counter Firearm Transaction Record – which is necessary paperwork required to be kept in the records of Second Amendment Sports, Inc., in connection with the sale of the two firearms. In the form, I represented that I was the actual buyer of the firearm. This statement was not true as I was acquiring the firearms for another person, who I knew as "Christian." Who the actual buyer of the firearms is is a material fact for the FFL and ATF. "Christian" directed me to buy specific firearms and provided the funds for the specific firearms. "Christian" also paid me an additional $50 per firearm that I purchased for him.

The firearms that were fraudulently obtained on June 6, 2019, included a Glock, model 42, .380 ACP caliber pistol; and a Beretta, model 92FS, 9mm caliber pistol.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPHS ABOVE ARE TRUE.

Oct 14, 2022
Date

Peter Alvarez Lopez
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and Defendant's waiver of her right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the

defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

14 Oct 22
_____
Date

Lance Justin Wood
Attorney for the defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

Digitally signed by SERRA
TSETHLIKAI
Date: 2022.09.29 16:13:07
-07'00'

Serra M. Tsethlikai
Assistant U.S. Attorney

13